FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 15 2006 ★
TIME P.M. _____
A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
PATRICIA AKERS,

                Plaintiff,

- against -

BROOKDALE UNIVERSITY HOSPITAL
AND MEDICAL CENTER and 1199 SEIU,
NEW YORK HEALTH & HUMAN
SERVICES UNION,

                Defendants.
---------------------------------------------------X

**MEMORANDUM DECISION AND ORDER**

CV-06-00350 (BMC)(VVP)

**COGAN, District Judge.**

Plaintiff Patricia Akers commenced this action under §301 of the Labor Management Relations Act of 1947, 29 U.S.C. §185 ("LMRA"), alleging wrongful termination and breach of the duty of fair representation, and seeking reinstatement and $1,000,000 in damages. Defendant Brookdale University Hospital and Medical Center (hereinafter, "the Hospital") moves to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

For the following reasons, defendant's motion is granted.

## BACKGROUND

According to the Complaint, on June 2, 2003, defendant Hospital promoted plaintiff from the position of secretary, which she held for fifteen years, to the position of social worker. Plaintiff was advised that she would have a grace period of one year, until June 2, 2004, in which to provide the Hospital with her CSW certification, and that

failure to do so would result in a review of her employment status. The following March, for reasons that are not alleged in the complaint, the Hospital decided to grant plaintiff an extension of time to obtain her certification. By letter dated March 23, 2004, the Hospital informed plaintiff of the extension, and noted that if she failed to obtain her certification by June 5, 2005, the Hospital would terminate her employment.

During the extension period, the New York Legislature amended the Education Law. In place of the previous requirement of a social work "certification," the new law required a "license." The new law contained a grandfather clause for social workers who met certain requirements under the old provision, but there is no dispute that plaintiff did not fall within the grandfathered categories. Thus, this change in the law is not material to this case.

Despite taking the exam "on several occasions" and "only fail[ing]…by four points" on her most recent attempt, plaintiff failed to obtain her license in the time allotted. By letter dated June 15, 2005, the Hospital again reminded plaintiff that the terms of her employment required her to have her license within one year, which the Hospital had previously extended for an additional year. Nevertheless, the Hospital granted plaintiff another extension period, until July 27, 2005, to obtain the license, again advising her that her employment would be terminated if she failed to obtain it.

After receiving the June 15 letter, plaintiff contacted the State Department of Education, and learned that there was another procedure that might allow her to continue in a temporary, unlicensed status. Specifically, the complaint alleges that the DOE advised her that she could get a "Limited Permit." This would enable her to practice social work for one year while she continued to attempt to pass the examination.

However, to complete the application, plaintiff needed her supervisor's signature, which would serve to confirm that an experienced social worker would oversee plaintiff's practice in accordance with various requirements. The complaint further alleges that when plaintiff presented her supervisor with the application, her supervisor refused to sign it, despite the fact that he had allegedly done so for other employees. On July 27, 2005, the Hospital terminated plaintiff for not having a license.

On August 4, 2005, plaintiff received a letter from defendant 1199 SEIU, New York Health & Human Services Union (hereinafter, "the Union") advising plaintiff that the Union had received notice of her termination and informing her that she could submit a written request within 48 hours if she believed she had grounds to grieve the termination. Plaintiff submitted a letter dated August 6, 2006, indicating that there were grounds to grieve her case, to which the Union did not respond.

On January 26, 2006, plaintiff filed the instant action, alleging that she was wrongfully terminated by the Hospital and that the Union breached its duty of fair representation, causing plaintiff to suffer damages.

## DISCUSSION

The Hospital argues that plaintiff's complaint fails to state a claim on which relief can be granted because the Hospital terminated plaintiff "for cause" when she failed to obtain a mandatory license that was a condition of her continued employment. Plaintiff responds that the existence of cause is, at least, a question of fact, and at most, that the Hospital had a legal obligation to sign her application for a Limited Permit and to supervise her once the DOE issued that permit.

3

1. <u>Standard of Review</u>

A complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Curto v. Edmundson, 392 F.3d 502, 503 (2d Cir. 2004). In deciding whether a complaint states a claim, the court must accept as true all factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal citations omitted).

In assessing the sufficiency of a complaint, the court may consider documents attached to the complaint as exhibits or incorporated in the complaint by reference. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). In addition, even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. Id. (citing Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)).

Applying these principles, this Court is not limited on the instant motion to considering only the allegations in the complaint. The complaint alleges that there was a collective bargaining agreement which "was in full force during entire period involved here," and that "the agreement was entered into ... for the benefit of employees in the bargaining unit, and plaintiff, as a member of such bargaining unit, is accordingly entitled

4

to the benefit of the agreement and to enforce the provisions of the agreement." Complaint ¶6. Plaintiff's complaint also makes frequent reference to the letters from the Hospital and the terms of those letters that conditioned her employment on obtaining a license or certification within a prescribed time. None of these documents contradicts the allegations of the complaint; indeed, they support some of those allegations, and may be considered on this Rule 12(b)(6) motion.

2. Plaintiff's Wrongful Termination Claim

Plaintiff's complaint states a "hybrid" §301–duty of fair representation claim against the Hospital and the Union. To prevail on this claim, plaintiff must demonstrate both (1) that the Hospital breached its collective bargaining agreement and (2) that the Union breached its duty of fair representation. See e.g., Sanozky v. Int'l Ass'n of Machinists & Aero. Workers, 415 F.3d 279, 282 (2d Cir. 2005).

a. *Employer's Breach of the CBA*

Article XXIX of the collective bargaining agreement provides that "[t]he Employer shall have the right to discharge, suspend or discipline any employee for cause." The crux of plaintiff's claim is that defendant terminated her without cause, even though she failed to obtain her required social work license, because she "came to [defendant] with an opportunity...to stay on as a social worker," and defendant did not sign the application form and agree to supervise her as an unlicensed social worker under a Limited Permit.

In support of her argument that defendant's decision not to sign her permit application amounted to wrongful termination, plaintiff alleges that defendant signed the

application for other employees. Therefore, plaintiff argues, defendant was "get[ting] rid of plaintiff for reasons unrelated to any licensing requirements."

The problem with plaintiff's complaint is that it fails to allege that defendant's refusal to sign her Limited Permit application in any way amounted to a breach of the collective bargaining agreement. Plaintiff was first hired on the basis, and then repeatedly advised, that her continued employment would end if she did not obtain her license within a defined period. Every time the Hospital extended this period, it advised plaintiff that her obligation to obtain her license within the extended period remained, and that the penalty for not obtaining it would be termination.

It seems axiomatic if an employee fails to fulfill an express, material condition of her employment within the time specified in her employment agreement, that must constitute "cause" for termination unless the collective bargaining agreement provides otherwise. See Palancia v. Roosevelt Raceway, Inc., 551 F.Supp. 549, 552 (E.D.N.Y. 1982) (finding that where employees are required to obtain a license, failure to do so constitutes just cause for termination). Although plaintiff presented defendant with an opportunity that might have further extended her time in defendant's employ, neither the Education Law nor the collective bargaining agreement obligated defendant to afford plaintiff that opportunity. To avoid this conclusion, plaintiff offers two related arguments.

Plaintiff's primary argument appears to be that the Hospital implicitly undertook to continue her employment as long as there was some mechanism under the Education Law that would allow it to do so, even though she had no license. She argues, in effect, that the Hospital's agreement to employ her was co-extensive with the provisions of state

law at any given time that allowed her to work in a temporarily-licensed, supervised capacity. But the letters setting forth the terms and conditions of her employment contain no such undertaking, and indeed, by containing a defined term of employment and express notice of termination in the absence of a license, they refute it.

In an attempt to bolster this argument, plaintiff argues that the Hospital supported other employees in obtaining their temporary permits. She appears to suggest that since the Hospital had helped other employees stay on through helping them obtain temporary licenses, it had the same obligation to do so for her. Her position is set forth in a single clause in the complaint: "... plaintiff's supervisor failed and refused to sign said Limited Permit, *although he had signed the same for others in the department*" Complaint ¶19 (emphasis added).

Assuming, as we must, the truth of this allegation, and if we further read into it that the circumstances of this unspecified number of other employees (plaintiff's counsel suggested three at oral argument) were not factually distinguishable from plaintiff's situation, it does not follow that the Hospital had to treat them all the same. Simply because an employer has cause to terminate several employees does not mean that it has to terminate them all. When "cause" exists, it gives the employer the option, but not the obligation, to effect termination. It follows from this that "cause" against multiple employees is not an all or nothing proposition. See Conoco, Inc. v. Oil, Chemical & Atomic Workers Int'l Union, (AFL-CIO), 1988 WL 163062 (10th Cir. 1988) (finding that arbitrator exceeded authority in imposing "all-or-nothing" rule of discipline when employer terminated one employee but not other employees guilty of similar misconduct; employer had "sole responsibility for discipline and discharge for just cause," which

includes discretion to determine the appropriate penalty for each employee); see also Herr v. Cineplex Odeon Corp., 1994 U.S. Dist. LEXIS 2539, *16 (S.D.N.Y. 1994) ("Unequal treatment, if consistent with the contract, does not *per se* show or prove wrongful discharge") (citing Rigby v. Coughlin, 730 F. Supp. 1196, 1199 (N.D.N.Y. 1990) ("A bare statement that employees were treated differently than other union members is not enough to show unfair representation")); Williams v. Simmons Co., 185 F. Supp. 2d 665, 680 (D. Tex. 2001) (refusing to consider whether another employee should have been terminated along with plaintiffs "for such inquiry merely distracts from the issue of whether just cause existed to fire Plaintiffs").

In focusing on this issue, it is important to note what the complaint does not allege. It does not allege that the Hospital's failure to support plaintiff, as opposed to other employees, in obtaining a temporary license, was the result of illegal discrimination. Similarly, it does not allege that plaintiff was singled out in retaliation for the exercise of legally protected rights. In addition, the complaint does not allege that the Hospital had a custom and practice sufficiently pervasive so as to create an expectation on the part of probationary employees of retaining those employees, notwithstanding contrary contractual terms, so long as there was a temporary permitting procedure under state law that allowed the Hospital to do so. Such an allegation, at least, would support an argument that the terms of plaintiff's employment are broader than the language of her employment contract.

Instead, all that is alleged is that plaintiff's supervisor refused to sign her temporary permit application "although he had signed it for others in the department." That allegation, assuming it is true, is insufficient to overcome the express terms of

plaintiff's employment agreement. Because the Hospital had cause to terminate her employment under the collective bargaining agreement, she cannot state a §301 claim against the Hospital.

### b. *Union's Duty of Fair Representation*

As plaintiff conceded at oral argument, she cannot sustain her claim against the Union if her claim against the Hospital fails. The cases confirm this view. See e.g., Del Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 164-165 (1983) (an employee's claims against an employer under §301 and union for breach of the duty of fair representation are "inextricably interdependent"). Although the Union has not filed a motion to dismiss, counsel at argument properly agreed that if the Court dismissed the Complaint against the Hospital, plaintiff could not object to dismissal of the Union. Accordingly, the claims against the Union are also dismissed.

## CONCLUSION

It is hereby ORDERED that defendant's motion is granted and the complaint is dismissed in its entirety.

Dated: Brooklyn, New York
August 15, 2006